**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00750-REB-CBS

LORA L. THOMAS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF PUBLIC SAFETY, and
COLORADO STATE PATROL,

    Defendants.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Summary Judgment** [#73], filed September 19, 2006.  The plaintiff has filed a response and the defendants have filed a reply.  I deny the motion.[1]

### I. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. § 1333** (federal question).

### II. STANDARD OF REVIEW & ANALYSIS

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

judgment as a matter of law. ***Farthing v. City of Shawnee, Kan***. 39 F.3d 1131, 1134 (10th Cir. 1994). A "material" fact is one "that might affect the outcome of the suit under the governing law," ***Id.*** at 1135 (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Id.*** (citing **Anderson**, 477 U.S. at 248).

I find that there are a variety of contested issues of material fact relating to some of the claims asserted by the plaintiff. While the evidence in support of some portions of some of the plaintiff's claims may be thin to nonexistent, it is not mandatory that I grant partial summary judgment on portions of claims or certain individual claims. **Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). Assuming *arguendo* that the defendant may be entitled to judgment on some of the claims or portions of claims asserted by the plaintiff, it is not mandatory that I grant partial summary judgment on all such claims. The plaintiff's claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law. **See Powell,** 506 F.2d at 765. The piecemeal resolution of the issues raised by the parties will not simplify significantly or extenuate the evidence at trial.

3

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion for Summary Judgment** [#73], filed September 19, 2006, is **DENIED**.

Dated October 27, 2006, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**
                                            **United States District Judge**